UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ILLINOIS
MILWAUKEE DIVISION

| | | |
|---|---|---|
| LARRY TRAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | The Honorable Pamela Pepper |
| KOHL'S CORPORATION; and KOHL'S DEPARTMENT STORES, INC., | ) ) ) ) | Case No. 2:17-cv-00269-PP |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)

Defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively, "Defendants"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully move for judgment on the pleadings as to Complaint. Defendants state as follows:

1. Plaintiff did not suffer an injury that falls within the zone of interests protected by the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§1681 *et seq.* ("FACTA") and, accordingly, lacks "zone of interests" or statutory standing to maintain this action.

2. On February 5, 2016, Plaintiff, Larry Tran ("Tran") filed a Complaint against Defendants, Kohl's Corporation and Kohl's Department Stores, Inc. ("Defendants") asserting a single claim under the FACTA.[1] [Doc. 1.] Plaintiff alleges that Defendants provided him with a receipt that included the expiration date of his credit/debit card. [*Id.* at ¶26.; *see also* Doc. 44 at p. 3.] Plaintiff does not allege that he lost the alleged receipt, that anybody else saw the

---

[1] The FACTA was a 2003 amendment to the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681 *et seq.*

alleged receipt, or that the alleged receipt has caused him to suffer identity theft or credit card fraud.

3. On March 29, 2016, Defendants filed their respective Answers and Affirmative Defenses to the Complaint. [Docs. 19, 20.]

4. "Rule 12(b)(6) and Rule 12(c) employ the same standard: the complaint must state a claim that is plausible on its face." *St. John*, 822 F.3d at 389; *Vinson v. Vermilion Cty., Ill.,* 776 F.3d 924, 928 (7th Cir. 2015).

5. The Complaint should be dismissed for lack of statutory standing because Plaintiff has not suffered an injury within the zone of interests protected by the FACTA. When asserting a statutory claim, a plaintiff must have "zone of interests" standing – meaning that the plaintiff has suffered an injury within the "zone of interests" protected by the statute. *Lexmark International, Inc. v. Static Control Components, Inc.,* ⎯⎯ U.S. ⎯⎯, 134 S.Ct. 1377, 1387 (2014).

6. The Seventh Circuit has explained that a plaintiff who merely receives a receipt with an expiration date does not suffer injury to an interest protected under the FACTA and lacks standing. *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727–28 (7th Cir. 2016)(dismissing case for lack of Article III standing). While the Seventh Circuit held that the plaintiff lacked standing under Article III for lack of injury-in-fact, it reached that conclusion by determining that the plaintiff was not injured under the FACTA. *Id*.

7. Because the Seventh Circuit and Congress have already determined that the inclusion of an expiration date on a receipt does not cause an injury under the FACTA, Plaintiff lacks "zone of interests" standing and this action should be dismissed with prejudice pursuant to Rule 12(c).

For the foregoing reasons and those set forth in their supporting memorandum, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Kohl's Corporation and Kohl's Department Stores, Inc. respectfully request that the Court enter judgment that Plaintiff did not suffer an injury to an interest protected by the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§1681 *et seq.* and dismiss the Complaint with prejudice.[2]

Date: April 17, 2017

Respectfully submitted,

KOHL'S CORPORATION and
KOHL'S DEPARTMENT STORES, INC.

By: /s/ Joel Griswold
One of Their Attorneys

Joel Griswold
Bonnie Keane DelGobbo
BAKER & HOSTETLER, LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
T 312.416.6238
F 312.416.6201

---

[2] Plaintiff has filed a "Motion Requesting That The Court Address And Decide The Issue Of Federal Subject-Matter Jurisdiction So That Plaintiff May Resume His Claims In Appropriate Court," in which Plaintiff states that he "intends to proceed with his FACTA claims in California state court." [Doc. 44 at p. 6.] Defendants will file a separate response to that motion.

3

Case 2:17-cv-00269-PP   Filed 04/17/17   Page 3 of 4   Document 46

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing **Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c)** was served this 17th day of April 2017, via the ECF system for the United States District Court for the Eastern District of Wisconsin, upon the following:

Chant Yedalian
chant@chant.mobi
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202

/s/ Joel Griswold